UNITED STATES of America, Appellee,

v.

John J. HOGAN, Defendant, Appellant.

No. 87–2106.

United States Court of Appeals, First Circuit.

Heard Sept. 15, 1988.

Decided Nov. 15, 1988.

Scott McLarty, for defendant, appellant.

S. Theodore Merritt, Asst. U.S. Atty., with whom Frank L. McNamara, Jr., U.S. Atty., Boston, Mass., was on brief, for appellee.

Before BOWNES and BREYER, Circuit Judges, and ATKINS,* Senior District Judge.

ATKINS, Senior District Judge.

John J. Hogan was indicted and convicted of tax evasion, a violation of Title 26, U.S.C. § 7201. Hogan appeals his conviction urging three separate grounds of error. We affirm.

Hogan, a bus driver for Greyhound Bus Lines since 1960, filed income tax returns until 1979. During 1978 and 1979, he had tax withheld from his salary. For the next four years, however, Hogan failed to file a return and also claimed to be exempt from taxes by filing fraudulent Withholding Allowance Certificates thereby avoiding any withholding from his paycheck.

Hogan received either W–2 forms or 1099 forms at the end of each year showing his total earnings. In 1980, 1981, and 1982, Hogan co-signed credit applications and completed a personal financial statement that reported an income of thirty thousand dollars. In 1982, Hogan met with an Internal Revenue Service agent who informed him that he was liable for a tax deficiency. In 1983, he received a certified letter from an agent informing Hogan that he was being investigated for failure to file. He answered the letter by citing IRS regulations but refused to meet with the agent.

Hogan was indicted on four counts of willfully attempting to evade and defeat income taxes by filing fraudulent Withholding Allowance Certificates for the years 1981, 1982, 1983, and 1984, and was convicted on all four counts. At the trial, the government introduced evidence to prove that Hogan had violated section 7201 by instructing his employer, Greyhound Bus Lines, not to withhold taxes from his paycheck. The government stressed that the W–4 forms filed by Hogan were fraudulent because he claimed to be exempt from taxes when, in fact, a tax liability was due and owing. The act of filing fraudulent exemption certificates joined with the failure to file a tax return, the government claimed, was sufficient to prove that Hogan attempted to evade or defeat the payment of taxes.

The appellant argues that: (1) the indictment insufficiently charged the elements of a felony and thus was fatally deficient; (2) the government's failure to assess taxes

* Of the Southern District of Florida, sitting by designation.

due precluded charging evading or defeating taxes; and (3) the trial court erred in its instruction to the jury by reformulating the instruction into a misstatement of law.

## INDICTMENT

The appellant urges that tax evasion is the most serious and most inclusive of all of the tax offenses and encompasses lesser included offenses that combine with each other or with other elements. Section 7201 states that one violates that provision by willfully attempting in any manner to evade or defeat income taxes, language that could conceivably encompass a myriad of lesser offenses. The Supreme Court defined the distinction between the felony of tax evasion and all lesser included offenses that in some way comprise the felony in *Spies v. United States*, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943). The Court concluded that to support the charge of tax evasion requires that acts or offenses be charged apart from the acts which constitute the lesser included offense. In this case, Hogan asserts, there were no other acts or offenses charged; the indictment charged a misdemeanor and nothing more. Therefore, Hogan argues, he has been convicted of a felony by committing acts that, standing alone, comprise a misdemeanor. The indictment must contain allegations of acts or offenses other than filing fraudulent W–4 forms to sustain the crime of tax evasion. Not having done so, the indictment, the appellant urges, is fatally defective.

The indictment charged that Hogan willfully attempted to evade the payment of his taxes by filing false Withholding Allowance Certificates claiming to be exempt. Hogan's argument that the indictment does not sufficiently charge the elements of a felony is incorrect. His reliance on the Supreme Court's decision in *Spies* misconstrues the rationale of that case. In *Spies*, the Court concluded that to support the charge of tax evasion required that acts or offenses be charged apart from the acts which constitute the lesser included offense. The indictment charged Hogan with attempting to evade or defeat the payment of income tax, an act or offense that is apart from the fraudulent filing of Withholding Allowance Certificates, a misdemeanor.

An indictment is sufficient if it contains the elements of the crime charged and fairly informs the defendant of the charge against which he must defend. *United States v. Serino*, 835 F.2d 924, 929 (1st Cir.1987). The *Serino* court also noted that an indictment is generally sufficient if it sets forth the offense in the words of the statute itself as long as the words set forth all of the elements without uncertainty or ambiguity. The indictment in this case charged:

On or about the 15th day of April, 1981, in the District of Massachusetts, John J. Hogan a resident of North Attleboro, Massachusetts, did willfully attempt to evade or defeat the payment of a large part of the income tax due and owing by him to the United States of America for the calendar year 1980, in the amount of $4,850.91, by filing fraudulent Withholding Allowance Certificates with his employer claiming to be exempt from income tax withholding. In violation of Title 26, United States Code, Section 7201.

The second, third, and fourth counts charged the same language for the years 1982, 1983, and 1984. Title 26 U.S.C. § 7201 reads:

Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 . . . or imprisoned not more than 5 years, or both, together with the costs of prosecution.

Filing fraudulent W–4 forms is a misdemeanor under Title 26 U.S.C. § 7205.[1] But

---

1. Title 26 U.S.C. § 7205 provides:
   Any individual required to supply information to his employer under section 3402 who

willfully supplies false or fraudulent information, or who willfully fails to supply information thereunder which would require an in-

not every fraudulent filing of a W–4 need be done as a willful attempt to evade or defeat taxes. In *Sansone v. United States*, 380 U.S. 343, 352, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965), the Court addressed this question in the context of a lesser included offense.

> Section 7207 requires the willful filing of a document known to be false or fraudulent in any material manner. The elements here involved are willfulness and the commission of the prohibited act. Section 7207 does not, however, require that the act be done as an attempt to evade or defeat taxes. Conduct could therefore violate § 7207 without violating § 7201 where the false statement, though material, does not constitute an attempt to evade or defeat taxation because it does not have the requisite effect of reducing the stated tax liability.

*Id.* Therefore the indictment not only charged the attempt to evade or defeat taxes but also the commission of the affirmative act of filing fraudulent statements. The appellant could have violated section 7205, a misdemeanor, by merely willfully filing the fraudulent W–4s without attempting to evade the payment of taxes. The government, however, in the indictment asserted the element not required for a conviction under section 7205 and adequately notified Hogan of the felony against which he had to defend.

## TAX ASSESSMENT

■ Section 7201 defines two distinct crimes: (1) the willful attempt to evade or defeat the "assessment" of a tax, and (2) the willful attempt to evade or defeat the "payment" of a tax. *See Sansone*, 380 U.S. at 354, 85 S.Ct. at 1011. The first crime includes evading the government's attempt to ascertain a tax liability. The second crime addresses an individual's evasion of the payment of that tax. *United States v. Dack*, 747 F.2d 1172, 1174 (7th Cir.1984). The elements of both crimes are the same: (1) willfulness, (2) existence of a tax deficiency, and (3) an affirmative act

constituting an evasion or attempted evasion of the tax. *Sansone*, 380 U.S. at 351, 85 S.Ct. at 1010.

The appellant Hogan was charged with the latter crime, attempted evasion of the payment of a tax. He argues that without a proper assessment of the tax due and owing, the government cannot prove an attempted evasion; he argues that he relied upon his own good faith assessment and cites *United States v. England*, 347 F.2d 425 (7th Cir.1965), in which the court found a tax assessment necessary to a prosecution of tax evasion. *Id.* at 430.

Although the Seventh Circuit in *England* found that proof of a "valid assessment" was requisite to finding a violation of section 7201, it also, in a footnote, noted that "there is no real distinction to be drawn between a 'tax due and owing' and a tax validly assessed." 347 F.2d at 430 n. 10. Following *England*, the Seventh Circuit addressed the issue of the requirement of a valid tax assessment saying "[w]hen, as here, the taxpayer fails to file a return, and the Government can show a tax liability pursuant to the provisions of the tax code, then a tax deficiency within the meaning of section 7201 is deemed to arise by operation of law on the date the return is due." *Dack*, 797 F.2d at 1174 (footnote omitted) (citing *United States v. Voorhies*, 658 F.2d 710, 714 (9th Cir.1981) (interpreting 26 U.S. C. §§ 6151(a), 6072(a))).

The Ninth Circuit specifically rejected the argument that a formal tax assessment must be made to establish evasion. *See Voorhies*, 658 F.2d 710. In *Voorhies*, the appellant had been convicted for evasion of the payment of taxes. He argued that the "existence of a tax deficiency" could only be predicated on tax liabilities which had been finally determined and assessed during the period covered by the indictment; he concluded that the government should not be able to prosecute criminally for failure to pay a tax that could not be collected civilly or administratively. *Id.* at 713–14.

---

crease in the tax to be withheld under section 3402, shall, in addition to any other penalty provided by law, upon conviction thereof, be fined not more than $1000, or imprisoned not more than 1 year, or both.

The court recognized that a tax deficiency, one of the three elements of the crime of evasion of the payment of a tax, exists from the date a return is to be filed and that the deficiency arises by operation of law when the return is not filed. *Id.* at 714.

The argument that Hogan relies upon to point out a deficiency in his conviction was emasculated by the *Dack* court which held:

> *England* did not define a valid tax assessment as a necessary element of tax evasion in every case. Rather, *England* stands only for the proposition that where, under a peculiar set of facts, a valid tax assessment is a necessary element, the court cannot instruct the jury to find the element as a matter of law.

747 F.2d at 1174. In this case, where the government found a "tax due and owing," no formal assessment was necessary.

## JURY INSTRUCTION

■ Hogan contends that the trial court erred in its instruction to the jury by reformulating the instructions into a subtle misstatement of the law. He argues that the language of the instruction endorsed an objective reasonableness that is improper for the subjective willfulness requirement. The appellant's argument blurs the distinction between the elements of willfulness and knowledge and thereby concludes that the court may never instruct on conscious avoidance for a crime that has an element of willful behavior.

The trial court properly instructed the jury that willful means "a voluntary intentional violation of a known legal duty" and "[m]erely negligence, even gross negligence, is not sufficient to constitute willfulness." This instruction is the accepted one in this circuit for willful behavior. *See United States v. Aitken,* 755 F.2d 188 (1st Cir.1985).

■ The court also instructed the jury on conscious avoidance of a crime. In this circuit, the conscious avoidance charge is appropriate "if a defendant claims a lack of knowledge, the facts suggest a conscious course of deliberate ignorance, and the instruction, taken as a whole, cannot be mis-understood as mandating an inference of knowledge." *United States v. Littlefield,* 840 F.2d 143, 147 (1st Cir.1988); *see also United States v. Rothrock,* 806 F.2d 318, 322 (1st Cir.1986). The circumstances in this case suggest that the appellant was aware of his responsibility to pay taxes and consciously avoided knowledge of his tax liability. Prior to 1981, Hogan consistently paid income tax. He was informed by telephone and by certified mail that a tax was due and owing. Under the circumstances, the conscious avoidance charge was not inappropriate. Neither does the charge reduce or shift the burden of the government to prove all of the elements beyond a reasonable doubt since it goes to knowledge and not to willfulness as the appellant argues.

■ Finally, the court's instruction allowing the jury to consider the appellant's attitude toward the IRS as an indication of willfulness was not an error. *See, e.g., United States v. Turano,* 802 F.2d 10, 12 (1st Cir.1986) (evidence of a personal philosophy and activity as tax protestor is relevant and material to the question of intent). The fact that the appellant never took the stand at trial does not preclude demonstrating his attitude toward the IRS and thus is not relevant to his argument.

For the reasons stated we AFFIRM.