July 20, 1993
 [NOT FOR PUBLICATION]
 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 91-2186

 UNITED STATES,

 Appellee,

 v.

 WILLIAM S. RUSSELL,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF NEW HAMPSHIRE

 [Hon. Shane Devine, U.S. District Judge]
 

 

 Before

 Selya, Boudin and Stahl,
 Circuit Judges.
 

 

 William S. Russell on brief pro se.
 
 Michael L. Paup, Acting Assistant Attorney General, Robert
 
E. Lindsay, Alan Hechtkopf and Karen M. Quesnel, Tax Division
 
Department of Justice, on brief for appellee.

 

 

 Per Curiam. The appellant, William S. Russell, owned a
 

business in New Hampshire. He and his wife took no salary

from the business, but they used substantial amounts of money

from corporate accounts to pay their personal expenses,

failed to declare the payments as income, and failed to file

individual and corporate income tax returns. Russell pleaded

guilty to one count of conspiracy to defraud the United

States, 18 U.S.C. 371, and three counts of income tax

evasion, 26 U.S.C. 7201, and received a twenty-seven month

prison sentence.

 Russell, who was represented by counsel before the

district court but appears pro se here, challenges neither
 

his plea nor his sentence, but argues that the indictment was

"false and fraudulent" because it charged him with evading

the income tax by, among other things, failing to file an

income tax return. According to Russell, the indictment is

therefore contradictory because without a return the Internal

Revenue Service cannot make a valid assessment, without a

valid assessment there can be no tax liability, and without

liability there can be no evasion.

 This is incorrect. The crime of income tax evasion has

three elements: (1) willfulness, (2) existence of a tax

deficiency, and (3) an affirmative act constituting an

evasion or attempted evasion of the tax. Sansone v. United
 

States, 380 U.S. 343, 351 (1965). A tax deficiency "exists
 

 -2-

from the date a return is to be filed and . . . arises by

operation of law when the return is not filed." United
 

States v. Hogan, 861 F.2d 312, 315 (1st Cir. 1988). As long
 

as the tax is "due and owing" in this manner, no formal

assessment is necessary. Id.
 

 Russell's other arguments are equally without merit.

First, he was required by statute to make a return, 26 U.S.C.

 6012, and pay the tax owed. 26 U.S.C. 6151. Second, the

requirement that he file a return did not violate the Self-

Incrimination Clause of the Fifth Amendment. See United
 

States v. Sullivan, 274 U.S. 259, 263-64 (1927). Finally,
 

the district court had subject-matter jurisdiction, 18 U.S.C.

 3231, as well as "territorial" jurisdiction over the

prosecution. See United States v. Lussier, 929 F.2d 25, 27
 

(1st Cir. 1991) (per curiam).

 Affirmed.
 

 -3-