USCA1 Opinion

 

 July 20, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 91-2186 UNITED STATES, Appellee, v. WILLIAM S. RUSSELL, Defendant, Appellant. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Shane Devine, U.S. District Judge] ___________________ ___________________ Before Selya, Boudin and Stahl, Circuit Judges. ______________ ___________________ William S. Russell on brief pro se. __________________ Michael L. Paup, Acting Assistant Attorney General, Robert ________________ ______ E. Lindsay, Alan Hechtkopf and Karen M. Quesnel, Tax Division __________ ______________ _________________ Department of Justice, on brief for appellee. __________________ __________________ Per Curiam. The appellant, William S. Russell, owned a __________ business in New Hampshire. He and his wife took no salary from the business, but they used substantial amounts of money from corporate accounts to pay their personal expenses, failed to declare the payments as income, and failed to file individual and corporate income tax returns. Russell pleaded guilty to one count of conspiracy to defraud the United States, 18 U.S.C. 371, and three counts of income tax evasion, 26 U.S.C. 7201, and received a twenty-seven month prison sentence. Russell, who was represented by counsel before the district court but appears pro se here, challenges neither ______ his plea nor his sentence, but argues that the indictment was "false and fraudulent" because it charged him with evading the income tax by, among other things, failing to file an income tax return. According to Russell, the indictment is therefore contradictory because without a return the Internal Revenue Service cannot make a valid assessment, without a valid assessment there can be no tax liability, and without liability there can be no evasion. This is incorrect. The crime of income tax evasion has three elements: (1) willfulness, (2) existence of a tax deficiency, and (3) an affirmative act constituting an evasion or attempted evasion of the tax. Sansone v. United _______ ______ States, 380 U.S. 343, 351 (1965). A tax deficiency "exists ______ -2- from the date a return is to be filed and . . . arises by operation of law when the return is not filed." United ______ States v. Hogan, 861 F.2d 312, 315 (1st Cir. 1988). As long ______ _____ as the tax is "due and owing" in this manner, no formal assessment is necessary. Id. ___ Russell's other arguments are equally without merit. First, he was required by statute to make a return, 26 U.S.C. 6012, and pay the tax owed. 26 U.S.C. 6151. Second, the requirement that he file a return did not violate the Self- Incrimination Clause of the Fifth Amendment. See United ___ ______ States v. Sullivan, 274 U.S. 259, 263-64 (1927). Finally, ______ ________ the district court had subject-matter jurisdiction, 18 U.S.C. 3231, as well as "territorial" jurisdiction over the prosecution. See United States v. Lussier, 929 F.2d 25, 27 ___ ______________ _______ (1st Cir. 1991) (per curiam). Affirmed. _________ -3-