998 F.2d 1001
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
William S. RUSSELL, Defendant, Appellant.
 No. 91-2186.
 United States Court of Appeals,
First Circuit.
 July 20, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE
 William S. Russell on brief pro se.
 Michael L. Paup, Acting Assistant Attorney General, Robert E. Lindsay, Alan Hechtkopf and Karen M. Quesnel, Tax Division Department of Justice, on brief for appellee.
 D.N.H.
 AFFIRMED.
 Before Selya, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 The appellant, William S. Russell, owned a business in New Hampshire. He and his wife took no salary from the business, but they used substantial amounts of money from corporate accounts to pay their personal expenses, failed to declare the payments as income, and failed to file individual and corporate income tax returns. Russell pleaded guilty to one count of conspiracy to defraud the United States, 18 U.S.C. § 371, and three counts of income tax evasion, 26 U.S.C. § 7201, and received a twenty-seven month prison sentence.
 
 
 2
 Russell, who was represented by counsel before the district court but appears pro se here, challenges neither his plea nor his sentence, but argues that the indictment was "false and fraudulent" because it charged him with evading the income tax by, among other things, failing to file an income tax return. According to Russell, the indictment is therefore contradictory because without a return the Internal Revenue Service cannot make a valid assessment, without a valid assessment there can be no tax liability, and without liability there can be no evasion.
 
 
 3
 This is incorrect. The crime of income tax evasion has three elements: (1) willfulness, (2) existence of a tax deficiency, and (3) an affirmative act constituting an evasion or attempted evasion of the tax. Sansone v. United States, 380 U.S. 343, 351 (1965). A tax deficiency "exists from the date a return is to be filed and ... arises by operation of law when the return is not filed." United States v. Hogan, 861 F.2d 312, 315 (1st Cir. 1988). As long as the tax is "due and owing" in this manner, no formal assessment is necessary. Id.
 
 
 4
 Russell's other arguments are equally without merit. First, he was required by statute to make a return, 26 U.S.C. § 6012, and pay the tax owed. 26 U.S.C. § 6151. Second, the requirement that he file a return did not violate the Self-Incrimination Clause of the Fifth Amendment. See United States v. Sullivan, 274 U.S. 259, 263-64 (1927). Finally, the district court had subject-matter jurisdiction, 18 U.S.C. § 3231, as well as "territorial" jurisdiction over the prosecution. See United States v. Lussier, 929 F.2d 25, 27 (1st Cir. 1991) (per curiam).
 
 
 5
 Affirmed.