**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 28, 2003**

**Charles R. Fulbruge III**
Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**Summary Calendar**
**No. 02-60928**
_____

**WESLEY W. BURNETT AND PATSIE R. BURNETT,**

**Petitioners-Appellants,**

**versus**

**COMMISSIONER OF INTERNAL REVENUE,**

**Respondent-Appellee.**

_____

Appeal from a Decision of
the United States Tax Court
Docket No. 3265-01
_____

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Husband and wife Wesley W. Burnett and Patsie R. Burnett
("Burnetts") appeal the judgment of the United States Tax Court in
favor of the Commissioner of Internal Revenue ("Commissioner"),
which issued notices of deficiency to each of them on the basis of
their failure to file federal income tax returns for 1994, 1995,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1996, and 1997. For the following reasons, the judgment of the Tax Court is affirmed.

## FACTS

During 1994, Mr. Burnett was employed by and received wages from the Lubbock Independent School District ("Lubbock"). For his work in the early part of the year he received $16,177. He also received wages from Lubbock in September, October, and November. The net (take-home) amount of these wages was $910, $930, and $164, respectively. In December 1994, Mr. Burnett repurchased a weekly newspaper, the Post Dispatch, which he had previously sold in 1992. For each of the subsequent three subject years, Mr. Burnett served as publisher of the paper, which he held as a sole proprietorship.

The Burnetts have never filed a 1994, 1995, 1996, or 1997 federal income tax return. In September 1997, the Commissioner requested a meeting with Mr. Burnett to discuss his federal income tax liability for 1993 through 1996. Though he initially agreed to speak with the Commissioner, he subsequently broke the date, declaring that he was "not one made liable for any tax as defined by the Internal Revenue Code." In April 1998 the Commissioner contacted Mrs. Burnett, who also refused to cooperate.

In December 2000, the Commissioner issued notices of deficiency to the Burnetts for 1994, 1995, 1996, and 1997. The Commissioner calculated the Burnetts' tax deficiency for those

years in the following manner. On the basis of information obtained via a summons issued to the Lubbock Independent School District, the Commissioner listed $19,913 as taxable wage income for 1994. Following a process described in great detail in the Tax Court's opinion, the Commissioner listed $85,550 as taxable self-employment income for each of the other three years.

## STANDARD OF REVIEW

This court reviews the Tax Court's factual findings under the clearly erroneous standard of review. <u>Webb v. Commissioner</u>, 394 F.2d 366, 372 (5th Cir. 1968). Legal conclusions are reviewed <u>de novo</u>.

## DISCUSSION

**I.  The Tax Court did not err in holding, as a matter of law, that the Internal Revenue Code does not require the Commissioner to prepare and execute a tax return before submitting a notice of deficiency.**

The Burnetts argue that the Commissioner's submission of a notice of deficiency must be preceded by the filing of a tax return. In the case of taxpayers who file their returns voluntarily, the Commissioner may submit a notice of deficiency without further ado. However, before submitting deficiency notices to non-filers, the Burnetts contend that the Commissioner must first prepare and subscribe a substitute return.

In support of this argument, the Burnetts present a lengthy and ingenious reading of the text and legislative history

3

of 26 U.S.C. §§ 6020(b) & 6211, the details of which this court need not repeat.

The Burnett's argument was long ago rejected by this court. Clark v. Campbell, 501 F.2d 108, 117 (5th Cir. 1974) ("the Service may determine a deficiency in the absence of a return"). We are bound by the previous circuit precedent, which in any event accords with that of most of our sister circuits. See, e.g., Geiselman v. United States, 961 F.2d 1, 4-5 (1st Cir. 1992); Schiff v. United States, 919 F.2d 830, 832-33 (2d Cir. 1990); United States v. Silkman, 220 F.3d 935, 937 (8th Cir. 2000); Roat v. Commissioner, 847 F.2d 1379, 1381 (9th Cir. 1988). See also Lainge v. United States, 423 U.S. 161, 174 (1976) ("Where there has been no tax return filed, the deficiency is the amount of tax due.").

## II. The Tax Court did not clearly err in finding, as a matter of fact, that the Commissioner had failed to meet its burden of proof.

The Burnetts argue that the Tax Court clearly erred in finding that the Commissioner failed to meet its burden of proof, because they have alleged that it "is crystal clear that the Commissioner's determination is arbitrary and excessive." In support of this argument, the Burnetts present a number of cases — from this circuit, our sister circuits, and the Supreme Court — establishing the proposition, they claim, that a petitioner's declaration that the Commissioner's gross income determination is "arbitrary and excessive" shifts the burden of proof to the

4

Commissioner. The Burnetts' claim must fail, as the cases they cite do not support this proposition.

Established law regarding the burden of proof in tax deficiency cases holds that the Commissioner's assessment is presumed correct and that the taxpayer has the burden of disproving the Commissioner's estimation. Helvering v. Taylor, 293 U.S. 507, 515 (1935) ("The burden of proof shall be upon the petitioner"); see also United States v. Janis, 428 U.S. 433, 440-41 (1976); Bull v. United States, 295 U.S. 247, 259-60 (1935). With this proposition the Burnetts do not appear to have any quarrel.

It is also established that a taxpayer satisfies this burden of proof by demonstrating that the Commissioner's determination of gross income was "arbitrary and excessive." Taylor, 293 U.S. at 515 (when "the taxpayer's evidence shows the Commissioner's determination to be arbitrary and excessive," he need not pay the sum which "he does not owe"). With this, we think, the Burnetts are also in agreement.

Where they err, however, is in their assessment of what quantity of evidence suffices to rebut the Commissioner's estimation. The Burnetts appear to argue that their mere assertion that the assessment was "arbitrary and excessive" suffices, in all cases, to defeat the Commissioner's action. This is error, though perhaps understandable, because in the Supreme Court's most recent pronouncement on this issue, Janis, 428 U.S. 433, the Court did say that the taxpayer's "assertion" was sufficient. The Court did so,

5

however, not because it wished to alter the general balance between taxpayers and the government regarding the burden of proof in tax deficiency cases, but, rather, because without a certain piece of evidence at issue in the case (it had been suppressed under the Exclusionary Rule), there was no foundation whatsoever for the Commissioner's assessment. The Court nevertheless clearly affirmed the general rule:

> In the usual situation . . . the District Court then could not properly grant judgment for the respondent on either aspect of the suit. But the present case may well not be the usual situation. What we have is a 'naked' assessment without any foundation whatsoever if what was seized by the Los Angeles police cannot be used in the formulation of the assessment.

Id. at 441. The general rule has been sustained in this court's various treatments of the question, see e.g., Carson v. United States, 560 F.2d 693, 696-98 (5th Cir. 1977), and Portillo v. Commissioner, 932 F.2d 1128, 1133 (5th Cir. 1991), and the exceptional character of Janis was noted in Sealy Power, Ltd. v. Commissioner, 46 F.3d 382, 386 n.9 (5th Cir. 1995). It is, in short, error to ascribe any legal weight to the following statement: "The Burnetts assert that it is crystal clear that the Commissioner's determination is arbitrary and excessive." The law is, rather, that the taxpayer must show, by a preponderance of the evidence, that the Commissioner's assessment was incorrect.

That being said, did the Tax Court clearly err in concluding that the Burnetts had failed to demonstrate, by a preponderance of the evidence, that the Commissioner's assessment

6

of deficiency was incorrect?  Our review of the arguments and evidence leads to the conclusion that the Tax Court did not err — clearly or otherwise.

According to the Burnetts, the Tax Court's first error was finding that Mr. Burnet's 1994 wage income from the Lubbock Independent School District was $19,913 rather than $16,177.  The Commissioner claims to have derived the larger figure from information provided to it by the Lubbock Independent School District; Mr. Burnet claims that the smaller figure is the accurate one.  Upon a review of the trial exhibits and transcript, especially Mr. Burnet's examination of the agent who prepared the deficiency assessment, there is insufficient evidence in the record for this court to conclude that the Tax Court's assessment of the evidence before it was clearly erroneous.

The Tax Court's second alleged error was the attribution of newspaper income to Mr. Burnet for 1995, 1996, and 1997.  The Burnetts raise multiple objections to the Commissioner's methods of calculating this income, however, the Commissioner's impressionistic but fact-based analysis was far superior to anything that they deigned to present to the Tax Court.  As the Tax Court correctly notes, "Congress has given [the Commissioner] broad discretion to use any method that he believes clearly reflects income when he is forced to reconstruct the taxpayer's income." T.C. Memo. 2002-181 at 18 (citing Estate of Bernstein v. Commissioner, T.C. Memo. 1956-260, aff'd, 267 F.2d 879 (5th Cir.

7

1959)). On the basis of the Burnetts' tax returns from 1992, when they were in possession of the <u>Post Dispatch</u>, the Commissioner knew that it was an income-generating enterprise. On the basis of the figure for that return, as well as publicly available information concerning the newspaper's circulation and advertising rates, the Commissioner arrived at a figure that was, at the very least, plausibly correct. Lacking contrary evidence from the Burnetts, the Tax Court cannot be said to have clearly erred in confirming the Commissioner's assessment.

**III. The Tax Court did not err in holding that the Commissioner properly imposed penalties against the Burnetts.**

The Burnetts argue that, because the deficiency notices at issue in this appeal are invalid, the Tax Court was without subject matter jurisdiction to impose penalties against them. Because the deficiency notices are indeed valid, the argument must fail.

Judgment **AFFIRMED.**