**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Edwin E. DACK, Defendant-Appellant.**

**No. 84–1225.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 25, 1984.
Decided Nov. 5, 1984.

Gregory A. Vega, Asst. U.S. Atty., R. Lawrence Steele, Jr., U.S. Atty., Hammond, Ind., for plaintiff-appellee.

Guy G. Curtis, Imperial, Neb., for defendant-appellant.

Before WOOD and ESCHBACH, Circuit Judges, and SWYGERT, Senior Circuit Judge.

PER CURIAM.

Edwin E. Dack appeals from his conviction of tax evasion, challenging, *inter alia*, the district court's instruction that "it is not a defense to the charges in the indictment that the Internal Revenue Service failed to make or file a tax assessment." He contends that this instruction (1) misstated the law inasmuch as a valid tax assessment is an essential element of the tax evasion charge and (2) undercut his affirmative defense that he possessed a good faith belief in the necessity of a tax assessment. We think these contentions have no merit, and we affirm.

Dack was indicted for attempting to "evade and defeat ... income tax due and owing" for the years 1977 through 1981. At trial, the United States introduced evidence showing that in order to effectuate his statement of intent on his 1976 return to stop paying taxes, Dack resigned his salaried position with Instrument Systems,

Inc. and was rehired as an independent contractor to perform the same duties. Because of this arrangement, Dack's employer was no longer responsible for withholding his taxes. Dack then incorporated as Ed E. Dack, Inc. and ceased filing withholding statements and tax returns. Dack renounced his corporate entity in 1980.

The Internal Revenue Service ("IRS") did not make a formal assessment of tax owing, pursuant to 26 U.S.C. §§ 6201–07, 6501 (1982). Evidence was presented at trial, however, tending to establish that during this period Dack's annual gross income varied between $24,000 and $38,000 and his annual unpaid tax liability varied between $700 and $6,000. Dack testified that he believed he was not required to file an income tax return and charged that the IRS was improperly applying the tax laws. He was convicted and sentenced to five years imprisonment.

■ Dack argues that the government cannot obtain a conviction for tax evasion without a formal assessment that the undeclared tax was due in the first place. Dack cites *United States v. England*, 347 F.2d 425 (7th Cir.1965), where this court reversed a tax evasion conviction because the trial court had instructed the jury to find a valid tax assessment, which the court defined as a necessary element of the offense charged. *Id.* at 430. We hold that *England* did not define a valid tax assessment as a necessary element of tax evasion in every case. Rather, *England* stands only for the proposition that where, under a peculiar set of facts, a valid tax assessment is a necessary element, the court cannot instruct the jury to find that element as a matter of law. Under the instant set of facts, a tax assessment was not a necessary element, and therefore the district court properly instructed the jury that the lack of a tax assessment was not a valid defense.

■ Section 7201 of the Internal Revenue Code defines two distinct crimes: (1) the willful attempt "to evade or defeat any tax" and (2) the willful attempt to evade or defeat the "payment" of any tax.[1] *Sansone v. United States*, 380 U.S. 343, 354, 85 S.Ct. 1004, 1011, 13 L.Ed.2d 882 (1965); *United States v. Voorhies*, 658 F.2d 710, 713 (9th Cir.1981); *United States v. Jannuzzio*, 184 F.Supp. 460, 465–66 (D.Del. 1960). The first crime includes attempts to evade the Government's effort to ascertain a citizen's tax liability. *Jannuzzio*, 184 F.Supp. at 465. The indictment charged Dack with this crime, rather than with the evasion of the "payment of tax."

■ It is true that the existence of a tax deficiency is an element of both crimes defined in 26 U.S.C. § 7201. *Voorhies*, 658 F.2d at 713; *accord Sansone*, 380 U.S. at 351, 85 S.Ct. at 1010. Nevertheless, we agree with the Ninth Circuit's reasoning in *Voorhies* that this element can be satisfied without a formal tax assessment when the charge is that of willfully attempting to evade a tax. When, as here, the taxpayer fails to file a return,[2] and the Government can show a tax liability pursuant to the provisions of the tax code, then a tax deficiency within the meaning of section 7201 is deemed to arise by operation of law on the date the return is due. *See Voorhies*, 658 F.2d at 714 (interpreting 26 U.S.C. §§ 6151(a), 6072(a)).

In *England*, 347 F.2d at 427, the defendants were charged with the second crime proscribed by section 7201: evasion of the payment of tax. The tax liability in that case arose as a result of formal, civil tax assessment proceedings. The indictment alleged that in the years following the assessments, the defendants attempted to evade the payment of the liability by con-

---

**1.** The statute penalizes "[a]ny person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof." 26 U.S.C. § 7201 (1982).

**2.** The record shows that Dack filed a document that purported to be a federal income tax return

for tax year 1977, but the IRS would not accept it as a tax return because it did not contain enough information to permit the determination of a tax liability. The record does not show that Dack filed any documents purporting to be tax returns for tax years 1978 through 1981.

cealing the nature and extent of their property interests. Defendants contended that the invalidity of the tax assessments absolved them from any duty to pay the amounts assessed; their evasion of payment of those taxes, therefore, could not be punished. The Government conceded that its case hinged on demonstrating a legal assessment. Therefore, this court properly concluded that, under the facts presented, a valid tax assessment was a necessary element of the crime charged. *Id.; but see id.* at 437 (Swygert, J., dissenting) (validity of tax assessment in this case was a question of law for the court to decide).

▮▮▮ In sum, tax assessment proceedings are civil in nature and are not normally a prerequisite to criminal liability. But when the crime charged is one of evading the payment of taxes that have been assessed in civil proceedings, the Government must prove the existence of a valid tax assessment. Here, the indictment charged Dack with evading the Government's ascertainment of tax liability. The tax liability arose by operation of law when Dack failed to file a timely return. Accordingly, a valid tax assessment was not an element of the offense charged. The district court properly refused to instruct the jury to the contrary.

Dack's second objection to the tax assessment instruction is that it effectively negated his good faith defense. He cites *United States v. Burton,* 737 F.2d 439 (5th Cir.1984), for the proposition that a bona fide misunderstanding of the tax laws, even if objectively unreasonable, negates the essential element of willfulness. We agree that Dack was entitled to an acquittal if he could demonstrate a bona fide belief in the necessity of a tax assessment, even if that belief was objectively unreasonable. Unlike *Burton,* however, the district court here did not instruct the jury to ignore the good faith defense. The district court's instructions, when read as a whole, permitted the jury to acquit Dack if it found a bona fide misunderstanding of the tax laws.

▮▮▮ As we have noted, the district court correctly instructed the jury that the Government's failure to file a tax assessment was not a valid defense to tax evasion. A separate instruction stated that Dack's "conduct is not willful if the income was omitted from his returns because of accident, mistake, inadvertence, or due to a good faith misunderstanding as to the requirements of the law." [3] And still another instruction stated that "[a]n inadvertent failure to file or a bona fide misunderstanding of the duty to file are justifiable or good faith excuses which negate the element of willfulness." A jury charge must be read as a whole. *Stewart v. Israel,* 738 F.2d 889, 892 (7th Cir.1984). Here, the instructions informed the jury that (1) a finding that there was no tax assessment would not in and of itself absolve Dack, but (2) Dack's good faith belief that he owed no taxes and did not have to file (whatever the cause of that good faith belief, whether from the lack of a tax assessment or otherwise) would absolve Dack. Thus, the instructions were not erroneous.[4]

---

**3.** Willfulness is a necessary element of tax evasion. *See supra* note 1.

**4.** When a particular instruction on its face may be misconstrued by the jury, the better practice is to rewrite the instruction rather than to rely simply on the jury's ability to resolve potential ambiguities by reading the instructions as a whole. Accordingly, when an instruction requires the jury to ignore a certain defense, as the tax assessment instruction did in the case at bar, we urge trial judges to include within that specific instruction a caveat as to the possibility of a good faith defense. Here, the caveat would have expressly advised the jury that while the lack of an assessment did not in and of itself absolve Dack, a bona fide belief in the necessity of a tax assessment would have absolved him. Although the instant instructions adequately stated the law, we believe a caveat would have improved their clarity. We note, however, that Dack's requested instruction no. 49 proposed no such caveat. We also note that even if it had, Dack was entitled only to a charge that fairly and adequately instructed the jury on the theory of the defense; he was not entitled to an instruction in the particular form and with the particular emphasis he desired. *United States v. Rothman,* 567 F.2d 744, 752 (7th Cir.1977).

 We have reviewed the other issues raised by Dack and conclude that they are without merit.[5] The judgment is affirmed.

---

**5.** These issues can be dismissed summarily. The district court did not err in denying Dack's motion to dismiss for failure to publish adequate notice, pursuant to the Privacy Act, of the specific criminal penalty that might be imposed for failure to file a tax return. *United States v. Annunziato*, 643 F.2d 676, 678 (9th Cir.), *cert. denied*, 452 U.S. 966, 101 S.Ct. 3121, 69 L.Ed.2d 979 (1981). Congress does have the constitutional authority to impose criminal penalties for income tax evasion. *United States v. Drefke*, 707 F.2d 978, 981 (8th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 359, 78 L.Ed.2d 321 (1984). The district court did not err in refusing to instruct the jury that it could judge the law as well as the facts. *United States v. Buttorff*, 572 F.2d 619, 627 (8th Cir.), *cert. denied*, 437 U.S. 906, 98 S.Ct. 3095, 57 L.Ed.2d 1136 (1978).

Nor did the district court err in quashing a subpoena issued to compel the prosecuting attorney to testify as an expert witness. Dack sought to compel the prosecuting attorney to take the stand so that he could verify that the Supreme Court had held in *United States v. Bishop*, 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973), that good faith reliance on previous decisions of the Court was a valid defense. Even assuming this was a valid material issue in this case, the point could just have easily been made with a volume of United States Reports. Where evidence is easily available from other sources and absent "extraordinary circumstances" or "compelling reasons," an attorney who participates in the case should not be called as a witness. *United States v. Johnston*, 690 F.2d 638, 644 (7th Cir.1982).

Finally, the district court did not err in denying Dack's motion to dismiss for selective prosecution. It was established that Dack was a member of the National Commodity and Barter Association which is apparently an organization advocating tax protest. To establish that he was selectively prosecuted for tax evasion the defendant must show that the Government had a policy of not prosecuting other persons who similarly attempted to evade taxes. *United States v. Stout*, 601 F.2d 325, 328 (7th Cir.), *cert. denied*, 444 U.S. 979, 100 S.Ct. 481, 62 L.Ed.2d 406 (1979). No such showing was made here.

The issues discussed in this footnote might be sufficiently frivolous to justify an assessment of costs and attorney's fees pursuant to Rule 38 of the Federal Rules of Appellate Procedure. *See Edgar v. Inland Steel Co.*, 744 F.2d 1276, 1278 (7th Cir.1984). Nevertheless, we do not deem this case sufficiently extraordinary to make such an award sua sponte. *See Ruderer v. Fines*, 614 F.2d 1128, 1132 (7th Cir.1980).