# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3888

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Elton Howard Silkman, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: April 20, 1998
Filed: September 16, 1998

_____

Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

Elton Silkman appeals his conviction for tax evasion in violation of 26 U.S.C. § 7201. Silkman, a former South Dakota farmer, did not file federal income tax returns for the years 1981 through 1985 and ignored numerous IRS inquiries about his failures to file. In March 1991, the IRS issued a notice of deficiency reciting that Silkman owed $282,515 in taxes for those five years, plus accrued penalties and interest, and advising he had ninety days to petition the United States Tax Court for redetermination of the asserted deficiency. See 26 U.S.C. §§ 6212-6213. Silkman instead responded with letters stating, "I am not a 'taxpayer' as that term is defined within section 7701

. . . of the [Internal Revenue] Code," and, "If I do not hear from you within 30 days from the receipt of this letter, I will presume that you have no intention of following the Internal Revenue Service procedures outlined above and I will take appropriate action." Later that year, Silkman sold his farm, equipment, cattle, grazing rights, and grain and transferred most of the substantial proceeds to European bank accounts in the names of various trusts, where he now claims the money disappeared.

In September 1991, the IRS assessed the asserted tax deficiencies. See 26 U.S.C. §§ 6201-6203; 26 C.F.R. § 301.6203-1. After efforts to collect the assessments failed, the government indicted Silkman on five counts of tax evasion, one for each of the five tax years. Tax evasion is defined in § 7201 as willfully attempting "in any manner to evade or defeat any tax imposed by this title or the payment thereof." The elements of this crime "are willfulness; the existence of a tax deficiency; and an affirmative act constituting an evasion or attempted evasion of the tax." Sansone v. United States, 380 U.S. 343, 351 (1965) (citations omitted); see United States v. Abodeely, 801 F.2d 1020, 1023 (8th Cir. 1986). At trial, the government's proof of tax deficiencies consisted of the March 1991 notice of deficiency plus five certificates evidencing the September 1991 assessments. At the government's urging, the district court excluded defense evidence offered to prove that Silkman in fact had no taxable income for the tax years in question. Instead, the court instructed the jury that the tax assessment for each year "establishes the tax liability." The jury convicted Silkman on all five counts. On appeal, he challenges this evidentiary ruling and raises three other issues. We agree the district court erred in excluding this evidence and therefore remand for a new trial.

Tax evasion is a felony, a serious offense that is "the capstone of a system of sanctions which singly or in combination were calculated to induce prompt and forthright fulfillment of every duty under the income tax law and to provide a penalty suitable to every degree of delinquency." Sansone, 380 U.S. at 350-51, quoting Spies v. United States, 317 U.S. 492, 497 (1943). Section 7201 is broadly worded, reflecting

the fact that willful tax evasion can occur at any stage of the IRS's complex process for determining, assessing, and collecting federal taxes. But whether a taxpayer is charged with tax evasion by willfully attempting to defeat the IRS's ascertainment of his tax liability, or by willfully attempting to evade the payment of a tax, the government must prove that the tax was in fact "imposed by this title," in other words, a tax deficiency. See United States v. Dack, 747 F.2d 1172, 1174 (7th Cir. 1984).[1] Conversely, "a taxpayer-defendant has a right to establish as a defense that he owed no tax in addition to what he had paid." United States v. Moody, 339 F.2d 161, 162 (6th Cir. 1964).

The issue in this case -- one of first impression -- is whether an IRS tax assessment that is administratively final for purposes of the agency's civil collection remedies is also conclusive proof of the tax deficiency in a tax evasion prosecution. The district court reasoned that this criminal trial was not the appropriate forum to contest the IRS assessments after Silkman slept on his right under the tax laws to challenge them administratively or by Tax Court litigation. But Silkman was not charged with willfully refusing to obey an agency order; in that type of case, the criminal defendant may be barred from attacking the validity of the order he disobeyed. Compare Cox v. United States, 332 U.S. 442, 453 (1947), with Estep v. United States, 327 U.S. 114, 122 (1946). Here, the IRS assessments were offered as conclusive proof of an underlying fact that is an element of the crime -- that taxes were in fact owed. In this type of case, the overriding principle is that "one charged with the commission of a felony . . . has an absolute right to a jury determination upon all essential elements of the offense." United States v. England, 347 F.2d 425, 430 (7th Cir. 1965); see Koontz v. United States, 277 F.2d 53, 55 (5th Cir. 1960).

---

[1] By contrast, a taxpayer can be convicted of the misdemeanor of willfully failing to file an income tax return without proof that any tax was assessed or owing. See 26 U.S.C. § 7203; United States v. Richards, 723 F.2d 646 (8th Cir. 1983).

The government has no authority for its startling contention that an IRS assessment is conclusive proof in a criminal trial that taxes were in fact owing. The government cites <u>Dack</u>, 747 F.2d at 1174, and <u>United States v. Daniel</u>, 956 F.2d 540, 542 (6th Cir. 1992), but they merely held that when an alleged tax evasion arose from the failure to file a tax return, no formal assessment is necessary because the deficiency is deemed to arise by operation of law on the date a return should have been filed. <u>Accord</u> <u>United States v. Hogan</u>, 861 F.2d 312, 315 (1st Cir. 1988). These cases did not address whether a formal assessment when made is conclusive proof of the asserted deficiency. The government also cites <u>United States v. Voorhies</u>, 658 F.2d 710 (9th Cir. 1981), but that case supports Silkman's position. In <u>Voorhies</u>, the taxpayer was charged with evading the payment of taxes by concealing assets at a time prior to the formal assessment. The government's proof of a tax deficiency consisted of the certificates of assessment and the testimony of an agent explaining how the tax liability had been determined. Like the later decisions in <u>Dack</u> and <u>Daniel</u>, the court first rejected the taxpayer's contention that a tax deficiency cannot exist prior to formal assessment. It then went on to conclude that the government's uncontradicted evidence was sufficient to prove a tax deficiency because "the certificates of assessment *were prima facie correct and therefore adequate evidence* of the amount of Voorhies' tax liability." <u>Id.</u> at 715 (emphasis added).

We agree with the analysis in <u>Voorhies</u> -- a formal tax assessment that has become administratively final is prima facie evidence of the asserted tax deficiency, and if unchallenged, it *may* suffice to prove this element of the crime. But the assessment is only prima facie proof of a deficiency. The assessed deficiency may be challenged by the defendant accused of tax evasion, and the issue is one for the jury. As the Supreme Court said in <u>United States v. Martin Linen Supply Co.</u>, 430 U.S. 564, 572-73 (1977), the jury's

> overriding responsibility is to stand between the accused and a potentially arbitrary or abusive government that is in command of the criminal

sanction. For this reason, a trial judge is prohibited from entering a judgment of conviction or directing a jury to come forward with such a verdict, regardless of how overwhelmingly the evidence may point in that direction.

(Citations omitted.) This conclusion is consistent with <u>United States v. England</u>, where the government conceded that proof of a valid assessment was essential to its evasion case, and the court held it was error to instruct the jury the assessment was valid as a matter of law. 347 F.2d at 430. <u>England</u> was followed in <u>United States v. Goetz</u>, 746 F.2d 705, 708-10 (11th Cir. 1984). Our conclusion is also consistent with decisions that the taxpayer may defend a charge of willfully evading the assessment of taxes by proving there was no tax due and owing, for example, by evidence of unclaimed deductions and expenses. <u>See, e.g.</u>, <u>Clark v. United States</u>, 211 F.2d 100, 103 (8th Cir. 1954); <u>see also</u> <u>Sansone</u>, 380 U.S. at 354 (the crime of tax evasion is complete when a false return is filed "assuming, of course, that there was in fact a deficiency").

We find further support for this conclusion in the Supreme Court's cases dealing with the validity of presumptions in criminal cases. The government argues, in effect, that the alleged tax deficiency may be conclusively presumed from an administratively final assessment. But conclusive presumptions are invalid in criminal cases because they "conflict with the overriding presumption of innocence with which the law endows the accused and which extends to every element of the crime, and would invade the factfinding function which in a criminal case the law assigns solely to the jury." <u>Sandstrom v. Montana</u>, 442 U.S. 510, 523 (1979) (quotations omitted). The court's approach in <u>Voorhies</u>, on the other hand, creates in effect only a permissive presumption, one that "merely allows an inference to be drawn and is constitutional so long as the inference would not be irrational." <u>Yates v. Evatt</u>, 500 U.S. 391, 402 n.7 (1991). It is rational to infer that an assessment which the taxpayer chose not to contest is prima facie evidence of the asserted deficiency. But it is not rational to make the assessment conclusive proof of the deficiency, particularly because in the absence of

a tax return an assessment is based upon a "substitute" return prepared by the IRS without the benefit of factual input from the taxpayer.

For the foregoing reasons, we conclude that one accused of tax evasion must have the opportunity to prove, however unlikely the proposition may be, that an administratively final tax assessment does not accurately reflect the existence of a tax deficiency. Therefore, Silkman is entitled to a new trial at which he may introduce evidence relevant to whether there was in fact a tax deficiency in one or more of the tax years in question.

Silkman raises three additional issues on appeal that require little discussion. First, he argues he is entitled to a judgment of acquittal because the government failed to prove tax deficiencies. We disagree. The formal assessments were prima facie evidence of tax deficiencies. When combined with the other evidence that Silkman consciously refused to file returns, ignored numerous IRS inquiries, evasively responded to the notice of deficiency, and then purposefully concealed his assets overseas, we think the trial record was more than sufficient to permit the jury to find tax deficiencies and the other elements of tax evasion beyond a reasonable doubt.

Second, Silkman argues the district court erred in excluding Exhibit 106, a document purporting to show that the deficiencies asserted in the IRS assessments were determined in an arbitrary or unreliable manner. The court excluded this evidence as part of its overall ruling that the assessments were conclusive proof of tax deficiencies. At a new trial, where the fact of tax deficiencies will be an open issue, we assume that, if Exhibit 106 is offered, the district court will consider its relevancy in the context of that trial. Third, Silkman argues the district court erred in excluding Exhibit 107, documents purporting to show the IRS did not properly assess deficiencies according to its own procedures. This contention is based upon Silkman's theory that proof of a valid assessment is essential when the defendant is accused of evading *payment* of a tax. However, we agree with cases holding that, while an assessment *may* be used

to prove a tax deficiency in a payment evasion case, an assessment is not a necessary element of a payment evasion charge.  See Hogan, 861 F.2d at 315-16; Dack, 747 F.2d at 1174; Voorhies, 658 F.2d at 714-15.  As the assessments in this case were simply evidence of the asserted deficiencies, Exhibit 107 was at best marginally relevant, and its exclusion was not error.

The judgment of the district court is reversed, and the case is remanded for a new trial.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.