# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4338

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Elton Howard Silkman, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted:  June 15, 2000

Filed:  July 19, 2000

_____

Before LOKEN, ROSS, and HANSEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

Elton Silkman was indicted on five counts of tax evasion in violation of 26 U.S.C. § 7201 after he failed to file federal income tax returns for the years 1981 through 1985, sold his farm assets and transferred the proceeds to European bank accounts, and ignored the Internal Revenue Service's assessments of tax deficiencies. A jury convicted Silkman on all five counts, but we reversed the conviction because an element of the crime of tax evasion is a tax deficiency, and the district court had improperly instructed the jury that the IRS tax assessments conclusively established the fact of tax deficiencies . United States v. Silkman, 156 F.3d 833 (8th Cir. 1998).

On remand, Silkman was again tried on all five counts. The government again relied on the administratively final tax assessments for its prima facie case that a tax was in fact owing in each of the five tax years. Silkman then put on evidence that no tax was owing. The jury returned verdicts of not guilty on four of the counts but convicted Silkman of willful tax evasion on Count III, which encompassed the calendar 1983 tax year. The district court[1] sentenced Silkman to fourteen months in prison and three years of supervised release. He appeals, arguing that the government's prima facie case was legally insufficient. We affirm.

When a taxpayer fails to file a return and refuses to disclose relevant information to the IRS, the Internal Revenue Code authorizes the agency to make and execute a substitute return for the taxpayer which "shall be prima facie good and sufficient for all legal purposes." 26 U.S.C. § 6020(b)(2). One "legal purpose" is to assess the tax liability reflected on the substitute return. See 26 U.S.C. § 6201(a)(1). The IRS proceeded in that manner here, preparing a substitute return for each of the tax years in question and then assessing Silkman for the deficiencies shown on those substitute returns. When Silkman did not timely challenge the assessed deficiencies, they became administratively final. To prove the element of tax deficiency in this criminal tax evasion prosecution, the government introduced the five certificates of assessment into evidence, a procedure consistent with our opinion in Silkman, 156 F.3d at 835:

> a formal tax assessment that has become administratively final is prima facie evidence of the asserted tax deficiency, and if unchallenged, it *may* suffice to prove this element of the crime. But the assessment is only prima facie proof of a deficiency. The assessed deficiency may be challenged by the defendant accused of tax evasion, and the issue is one for the jury.

---

[1] The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota.

On appeal, Silkman argues that the above-quoted passage is not controlling because the evidence at his second trial was different in one material respect -- on cross examination, the IRS employee who provided foundational testimony for the certificates of assessment admitted that they were based upon substitute returns that calculated Silkman's tax liability from his estimated gross income, with no allowance for estimated business expenses and other deductions. Silkman argues that this testimony rendered the government's evidence of a deficiency insufficient as a matter of law because the IRS had access to additional information from which it could have estimated his business expenses, such as his tax returns from earlier years, and its failure to do so produced an admittedly inaccurate assessment that is not prima facie evidence of a tax deficiency.

In the circumstances of this case, we disagree. When a taxpayer fails to file a return and then refuses to provide relevant information to the IRS, the agency faces a difficult task in determining, assessing, and collecting whatever tax may be owed. It is not *compelled* to file a substitute return to trigger the assessment process. See Geiselman v. United States, 961 F.2d 1, 5 (1st Cir.), cert. denied, 506 U.S. 891 (1992). Indeed, it is not even compelled to make a formal assessment when no return is filed, because any deficiency is deemed to arise by operation of law on the date a return should have been filed. See United States v. Dack, 747 F.2d 1172, 1174 (7th Cir. 1984). But a substitute return provides a valid statutory basis for an assessment, and an assessment gives the taxpayer notice of the IRS's position and an opportunity to contest the assessed deficiency by administrative appeal and civil deficiency or refund litigation. When the taxpayer declines to invoke these procedures, the assessment becomes final for purposes of the IRS's civil tax collection remedies. And when, as here, the taxpayer's other actions (such as transferring his assets abroad) permit the jury to find willful tax evasion, it is entirely appropriate to consider the unchallenged assessment prima facie evidence that *some* tax was owing, which is all the government needs to prove to satisfy the tax deficiency element of this offense. As we said in

<u>Silkman</u>, 156 F.3d at 836, "It is rational to infer that an assessment which the taxpayer chose not to contest is prima facie evidence of the asserted deficiency."

We therefore conclude that an unchallenged certificate of assessment is prima facie evidence of a deficiency when a taxpayer who filed no return is charged with tax evasion. That leaves the uncooperative taxpayer free to prove that no tax was in fact owing, for example, because the substitute return wrongly estimated his income, or because his business expenses and other deductions and exemptions exceeded that income. The ultimate question of deficiency is then for the jury, which in this case resolved that issue in the government's favor for one of the five tax years in question. As the trial evidence in total was sufficient to support the jury's verdict, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.