**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 06-4703

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES E. VAUGHN,

Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.   Irene M. Keeley, Chief District Judge.  (2:04-cr-00014-IMK-JS)

---

Submitted:  October 17, 2007        Decided:  November 15, 2007

---

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Joel F. Hansen, HANSEN & HANSEN, L.L.C., Las Vegas, Nevada, for Appellant.  Sharon L. Potter, United States Attorney, Robert H. McWilliams, Jr., Sherry L. Muncy, Assistant United States Attorneys, Wheeling, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles E. Vaughn was convicted by a jury of criminal tax evasion, 26 U.S.C. § 7201 (2000), and sentenced to fifty-one months imprisonment. He appeals, claiming that the district court denied him the opportunity to present a "good faith" defense and the right to challenge the accuracy of the underlying deficiency. He also challenges the district court's ruling that a formal assessment is not an element of tax evasion. Finally, Vaughn alleges that the prosecution engaged in overreaching and misconduct by indicting or threatening to indict two defense witnesses. For the reasons that follow, we affirm.

After reaching a settlement with the Internal Revenue Service in tax court, Vaughn owes approximately $30,248.00 in federal incomes taxes for the 1993 tax year. Shortly after agreeing to settle, Vaughn submitted an offer in compromise, offering to settle his outstanding tax liability for $400. On the accompanying form Vaughn listed two businesses he had previously operated, his income as "commission," and one bank account containing $125. He also wrote "NA" on the question regarding ownership or interest in any type of real property, and answered "No" to the question asking if he was a participant or beneficiary of any trust, estate, or profit sharing venture.

Vaughn was subsequently indicted for willfully attempting to evade payment of his income tax when it was discovered that he

had substantial assets he had failed to disclose to the IRS. At trial, the Government introduced evidence establishing that, beginning in 1999, Vaughn had transferred his income and assets to two companies ("Lifestyles, LLC," and "Falcon Asset Management Company"), neither of which were disclosed on the forms submitted to the IRS, and which had a combined net worth of $332,013. Between April 1999 and October 2004, Vaughn received a total of $588,759 in cash on sales of real property through Lifestyles, LLC. From 1999 through 2002, $314,607.77 of Vaughn's personal living expenses were paid by the two companies he fully owned. At the time of trial, Vaughn, through his companies, controlled at least eight properties, three of which were on the market for a total of $950,000. Finally, the government introduced evidence to show that, contrary to the $125 that Vaughn claimed he had in the bank, the companies he controlled had accounts containing approximately $32,000 in cash. Based on this evidence, the jury found Vaughn guilty. The district court sentenced him to fifty-one months imprisonment. Vaughn timely appeals.

Vaughn argues, first, that the district court denied him the ability to present his good faith defense. Vaughn's "good faith" argument rested on his assertion that the underlying tax court decision was inaccurate. Our review of the record discloses that the district court did allow defense counsel to introduce evidence concerning Vaughn's audit history and to argue the facts

about those audits in his closing argument in order to attack the willfulness element. Moreover, Vaughn testified extensively and was allowed to explain his doubts as to his liability for the tax at issue. Although he argues that he was nevertheless prevented from introducing evidence with respect to his good faith defense, Vaughn failed to identify what specific evidence was allegedly improperly excluded nor did he make a proffer in the district court after given the opportunity to do so.

Next, Vaughn argues that the district court erred in preventing him from attacking the "accuracy" of the tax court decision. The tax court's decision was based on the agreement of the parties. We agree with the district court that Vaughn may not challenge that decision in a later criminal proceeding.

Vaughn also argues that the district court erred in ruling that a valid assessment is not a necessary element of criminal tax evasion. Section 7201 states that "any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony." 26 U.S.C. § 7201. The statute does not limit its application to taxes that have been assessed. Here, the district court properly instructed the jury that, to find Vaughn guilty of tax evasion, the government was required to prove three elements beyond a reasonable doubt: (1) that Vaughn owed a substantial income tax liability; (2) that

he attempted in any manner to evade or defeat the payment of that tax; and (3) that he did so willfully. United States v. Wilkins, 385 F.2d 465, 472 (4th Cir. 1967). Because a formal assessment is not required to prove tax evasion, see, e.g., United States v. Silkman, 156 F.3d 833, 835 (8th Cir.1998), the district court properly ruled that the Government did not need to prove that a valid assessment had been issued.

Finally, Vaughn asserts that he was "denied any witnesses to support his defense" because, on the day before trial, the prosecution informed him that one of his witnesses was about to be indicted. That witness, Booker Walton, then invoked his Fifth Amendment privilege and refused to testify on Vaughn's behalf. Vaughn argues that the district court erred in refusing to grant him immunity.

A district court is without authority to confer immunity on a witness sua sponte. See United States v. Klauber, 611 F.2d 512, 517 (4th Cir. 1979). Rather, the decision of whether to grant immunity is within the sole discretion of the prosecution. See, e.g., 18 U.S.C. § 6003(b) ("A United States attorney may, with approval of the Attorney General . . . request an order [of immunity from the district court]."); United States v. Karas, 624 F.2d 500, 505 (4th Cir. 1980). While a district court may, in very limited circumstances, compel the prosecution to grant such immunity, a "'defendant bears a heavy burden when seeking to have

the district court compel the grant of immunity.'" <u>United States v. Mitchell</u>, 886 F.2d 667, 669 (4th Cir. 1989) (quoting <u>United States v. Gravely</u>, 840 F.2d 1156, 1160 (4th Cir. 1988)). This court has held that "a district court is without authority to issue such an order unless a defendant has made (1) 'a decisive showing of prosecutorial misconduct or overreaching and (2) the proffered evidence would be material, exculpatory and unavailable from all other sources.'" <u>United States v. Washington</u>, 398 F.3d 306 (4th Cir. 2005) (quoting <u>United States v. Abbas</u>, 74 F.3d 506, 512 (4th Cir. 1996)). We agree with the district court's conclusion that Vaughn failed to make the requisite showing.

We therefore affirm Vaughn's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>