**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4205**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

SOOKYEONG KIM SEBOLD, a/k/a Sophia Kim,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.   Leonie M. Brinkema,
District Judge.  (1:12-cr-00434-LMB-1)

Submitted:  November 25, 2013      Decided:  December 3, 2013

Before MOTZ, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Kevin R. Brehm,
Assistant Federal Public Defender, Alexandria, Virginia, for
Appellant.  Kathryn Keneally, Assistant Attorney General, Frank
P. Cihlar, Chief, Criminal Appeals & Tax Enforcement Policy
Section, Gregory Victor Davis, Joseph B. Syverson, Tax Division,
DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sookyeong Kim Sebold was convicted by a jury of filing a false individual income tax return and criminal tax evasion, 26 U.S.C. §§ 7201, 7206 (2012), both with respect to Sebold's 2005 federal individual income tax liability. The district court sentenced Sebold to 24 months' imprisonment. She appeals, arguing that the Government failed to prove that her conduct was willful within the meaning of the statutes of conviction. The evidence presented at Sebold's trial, viewed in the light most favorable to the Government, see United States v. Burgos, 94 F.3d 849, 854 (4th Cir. 1996) (en banc), was as follows.

Between 2002 and 2005, Sebold stole approximately $810,000 from her employer, the Korean Cultural and Freedom Foundation (KCFF), a nonprofit organization devoted to supporting the Universal Ballet Company, a Korean ballet company. Sebold was KCFF's treasurer and had signatory authority over its bank accounts. She used her authority to divert funds sent to KCFF into her own bank accounts, which she then used to support her gambling and day-trading habits, among other things. In 2005 alone, Sebold spent over $58,000 at casinos using her debit card, and withdrew another $86,000 in cash from ATM's located near casinos. William Pangoras, the operations controller for Bally's Atlantic City, testified that Sebold made 34 gambling trips to Atlantic City in 2005,

2

totalling 180 hours of playing time, and involving $167,845 in cash transactions. Sebold also engaged in extensive day-trading, sometimes trading the same stock ten times in one day. In one month alone in 2005, Sebold placed over 800 buy and sell orders.

On her 2005 federal income tax return, Sebold reported zero wage income and zero total income. She claimed a short-term capital loss of $277,962, attributable to losses sustained in her day-trading activities with money stolen from KCFF. Sebold testified that she completed the return personally. She does not deny that she stole the funds from KCFF; rather, Sebold argues that the Government failed to prove that she knew that those funds were reportable as taxable income.[*]

We will uphold a jury's verdict if there is substantial evidence in the record to support it. <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the Government, and inquire whether there is evidence that a reasonable finder of fact could

---

[*] I.R.C. § 61 defines gross income as "all income from whatever source derived" and includes gains from illegal activities. <u>See</u> <u>James v. United States</u>, 366 U.S. 213 (1960) (overruling <u>Commissioner v. Wilcox</u>, 327 U.S. 404 (1946)).

3

accept as adequate and sufficient to establish a defendant's guilt beyond a reasonable doubt. Burgos, 94 F.3d at 862. In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the Government. United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007).

A conviction "under section 7206(1) requires proof that: (1) a person made or subscribed to a federal tax return which he verified as true; (2) the return was false as to a material matter; (3) the defendant signed the return willfully and knowing it was false; and (4) the return contained a written declaration that it was made under the penalty of perjury." United States v. Presbitero, 569 F.3d 691, 700 (7th Cir. 2009). In order to sustain a conviction under § 7201, the Government must prove that: (1) Sebold owed a substantial income tax liability; (2) that she attempted in any manner to evade or defeat the payment of that tax; and (3) that she did so willfully. United States v. Wilkins, 385 F.2d 465, 472 (4th Cir. 1967). A formal assessment is not required to prove tax evasion. See United States v. Silkman, 156 F.3d 833, 835 (8th Cir. 1998).

Convictions under both §§ 7206 and 7201 require the Government to prove that Sebold's actions were willful. See

4

United States v. Aramony, 88 F.3d 1369, 1382 (4th Cir. 1996) (filing false tax returns). Failure to supply an accountant with accurate information is evidence of willfulness. United States v. Useni, 516 F.3d 634, 650 (7th Cir. 2008). And, although willfulness cannot be inferred solely from an understatement of income, willfulness can be inferred from making false entries or alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or to conceal. Spies v. United States, 317 U.S. 492, 499 (1943).

We have reviewed the record, including the trial testimony, and find that the jury heard sufficient evidence of willfulness to support its finding of guilt. Accordingly, we affirm Sebold's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED