FYBEL, J.,
Dissenting.—I respectfully dissent. Based on authorities of the United States Supreme Court, the California Supreme Court, and the federal and state appellate courts, including an opinion from the Second District Court of Appeal, I conclude that at the preliminary hearing the prosecution did not present evidence of intent to evade paying a tax sufficient to commit Blake A. Hudson to answer the felony charges. Revenue and Taxation Code section 19706[1] punishes a willful failure to file a tax return only when coupled with the intent to evade paying a tax. At the preliminary hearing, the *1179 prosecution presented evidence that Hudson did not timely file tax returns for 2007, 2008, and 2009, and only filed tax returns for those years after receiving notices from the Franchise Tax Board. This evidence of omission, though sufficient to show a misdemeanor willful failure to file returns, was not enough to show, even at the preliminary hearing stage, that Hudson acted with intent to evade paying a tax. The prosecution presented no evidence that Hudson engaged in affirmative conduct from which intent to evade could be inferred.
California’s tax evasion statutes were modeled after the federal tax evasion statutes, and, therefore, California Supreme Court authority holds that federal decisions interpreting federal tax laws are “unusually strong persuasive precedent on construction of our own laws.” (People v. Hagen (1998) 19 Cal.4th 652, 661 [80 Cal.Rptr.2d 24, 967 P.2d 563] (Hagen).) In People v. Mojica (2006) 139 Cal.App.4th 1197, 1205 [43 Cal.Rptr.3d 634] (Mojica), the Court of Appeal held that section 19706 and the federal tax evasion statute are substantially the same, the only real difference being that section 19706 makes explicit what federal courts, including the United States Supreme Court, have interpreted the federal tax evasion statute to mean. In Spies v. United States (1943) 317 U.S. 492, 499 [87 L.Ed. 418, 63 S.Ct. 364] (Spies), the United States Supreme Court interpreted the federal tax evasion statute as requiring proof of “some willful commission” or “positive attempt to evade tax,” in addition to willful omissions, to support a conviction. Such acts of willful commission are a necessary element of the offense of tax evasion.
Thus, section 19706 must be interpreted in accordance with Spies, which requires proof of “some willful commission” or “positive attempt to evade tax,” in addition to willful omissions (Spies, supra, 317 U.S. at p. 499). In this case, the prosecution presented no evidence at the preliminary hearing of “some willful commission” or “positive attempt to evade tax.” The district attorney concedes no evidence of such “Spies acts” was presented. Because there was “a total absence of evidence” to support the element of intent to evade, which is a necessary element of a violation of section 19706, the trial court should have granted Hudson’s motion to dismiss the information. (People v. Caffero (1989) 207 Cal.App.3d 678, 684 [255 Cal.Rptr. 22].)
The majority’s conclusion that intent to evade can be inferred from the failure to file tax returns alone fails to acknowledge the substantive identity between the state and federal tax evasion statutes, as interpreted by the United States Supreme Court in Spies. The majority twice asserts that requiring evidence of willful commission is an attempt to rewrite California’s tax evasion statutes. Requiring proof of willful commission is not a matter of rewriting section 19706. It is a matter of interpreting the requirements of *1180 section 19706 in accordance with United States Supreme Court authority, and as directed by the California Supreme Court.
I.
The State and Federal Tax Evasion Statutes
To understand why we must follow federal decisions on the issue in this case, it is important to lay out and compare the state and federal tax evasions statutes. California’s tax evasion statutes were modeled after the federal tax evasion statutes (Hagen, supra, 19 Cal.4th at p. 661), and, like the federal statutes, provide “a graduated scheme of civil penalties and misdemeanor and felony punishment to deter both honest mistakes and willful fraud” (id. at p. 662).
‘“Our Legislature has generally followed the federal statutes in designing California’s personal income tax system, making federal decisions interpreting substantially identical statutes unusually strong persuasive precedent on construction of our own laws. [Citations.]” (Hagen, supra, 19 Cal.4th at p. 661; see id. at pp. 660-661 [federal tax law definition of ‘“willfully” applied to former § 19405, subd. (a)(1), now § 19705].) Federal court opinions interpreting federal income tax statutes are relevant to interpreting California income tax statutes because the Legislature, in enacting the California statutes, consistently followed federal law. (Hagen, supra, at p. 661.)
A. Lowest Gradation: Misdemeanor and Civil Penalty
The first gradation is failure to file a return or to supply information under section 19701, subdivision (a) (section 19701(a)). Violation of section 19701(a) is a misdemeanor offense or results in a civil penalty. Section 19701(a) states: “Any person who does any of the following is liable for a penalty of not more than five thousand dollars ($5,000): [¶] (a) With or without intent to evade any requirement of Part 10 (commencing with Section 17001), Part 11 (commencing with Section 23001), or this part or any lawful requirement of the Franchise Tax Board, repeatedly over a period of two years or more, fails to file any return or to supply any information required, or who, with or without that intent, makes, renders, signs, or verifies any false or fraudulent return or statement, or supplies any false or fraudulent information, resulting in an estimated delinquent tax liability of at least fifteen thousand dollars ($15,000).” A person who violates section 19701(a) “is also guilty of a misdemeanor and shall upon conviction be fined not to exceed five thousand dollars ($5,000) or be imprisoned not to exceed one year, or both, at the discretion of the court, together with costs of investigation and prosecution.” (§ 19701, subd. (c).)
*1181 The effect of the phrase ‘“[w]ith or without intent to evade” in section 19701(a) is that such intent need not be proven to establish the misdemeanor violation. The misdemeanor violation requires only the act of willful failure to file a tax return, supply required information, or make, render, sign, or verify a false or fraudulent return, for the requisite time period and resulting in a tax delinquency meeting the statutory minimum.
The federal analog to section 19701(a) is title 26 United States Code section 7203. It reads: “Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $25,000 ($100,000 in the case of a corporation), or imprisoned not more than 1 year, or both, together with the costs of prosecution. In the case of any person with respect to whom there is a failure to pay any estimated tax, this section shall not apply to such person with respect to such failure if there is no addition to tax under section 6654 or 6655 with respect to such failure. In the case of a willful violation of any provision of section 60501, the first sentence of this section shall be applied by substituting ‘felony’ for ‘misdemeanor’ and ‘5 years’ for ‘1 year’.” (26 U.S.C. § 7203.)
Title 26 United States Code section 7203 has no intent to evade element. Section 7203 has a willful requirement, but it refers to the failure to pay the estimated tax or tax, make a tax return, or supply information.
B. Highest Gradation: Felony
The highest gradation under the California scheme is section 19705. It gives a list of prohibited acts with the preamble that any person who commits any of the prohibited acts “shall be guilty of a felony and, upon conviction, shall be fined not more than fifty thousand dollars ($50,000) or imprisoned . . . , or both.” (§ 19705, subd. (a).) Hudson was not charged under section 19705. It primarily, though not exclusively, concerns willfully subscribing a false return and removing or concealing assets subject to a tax levy.
C. Middle Gradation: Section 19706
The middle gradation under the California scheme is section 19706. It states: “Any person or any officer or employee of any corporation who, within the time required by or under the provisions of this part, willfully fails to file any return or to supply any information with intent to evade any tax *1182 imposed by Part 10 (commencing with Section 17001) or Part 11 (commencing with Section 23001), or who, willfully and with like intent, makes, renders, signs, or verifies any false or fraudulent return or statement or supplies any false or fraudulent information, is punishable by imprisonment in the county jail not to exceed one year, or in the state prison, or by fine of not more than twenty thousand dollars ($20,000), or by both the fine and imprisonment, at the discretion of the court, together with the costs of investigation and prosecution.” (§ 19706.)
Section 19706 appears to be a wobbler because the offense is punishable by imprisonment in jail for not more than one year, or in state prison. Here, the district attorney charged Hudson with a felony violation of section 19706.
Both section 19701 and section 19706 prohibit the willful failure to ‘“file any return or to supply any information.” The primary difference between the two statutes is that section 19706, unlike section 19701, includes the element that the willful failure to file the return or supply information must have been made ‘“with intent to evade any tax” (§ 19706).
Section 19706 requires proof both that the defendant willfully failed to file a tax return and that the defendant failed to file a tax return with the intent to evade paying a tax. These two mental states—willful failure and intent to evade—‘“together comprise the mental state involved in a section [19706] violation.” (People v. Smith (1984) 155 Cal.App.3d 1103, 1157 [203 Cal.Rptr. 196], disapproved on another ground in Baluyut v. Superior Court (1996) 12 Cal.4th 826, 832-835 [50 Cal.Rptr.2d 101, 911 P.2d 1].)
Accordingly, to establish a violation of section 19706, the prosecution must prove (1) the defendant was required to file a tax return with or supply information to the Franchise Tax Board; (2) the defendant did not file a tax return with or supply information to the Franchise Tax Board within the required time; (3) the defendant willfully chose not to file a tax return with or supply information to the Franchise Tax Board; and (4) the defendant chose not to file a tax return with or supply information to the Franchise Tax Board with the intent to evade paying a tax. (See CALCRIM No. 2801.)
If the prosecution cannot show intent to evade paying a tax, the defendant might still be guilty of the misdemeanor offense or subject to a civil penalty under section 19701. But without proof of intent to evade, the defendant cannot be guilty of violating section 19706.
D. Federal Analog to Section 19706
The federal analog to section 19706 (the statute at issue here) is 26 United States Code section 7201. It states: ‘“Any person who willfully attempts in *1183 any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution.” (26 U.S.C. § 7201.)
E. Analysis of California and Federal Law
A literal comparison of section 19706 and 26 United States Code section 7201 reveals they are phrased somewhat differently: Section 19706 makes it a crime to ‘“willfully fail[] to file any return . . . with intent to evade any tax,” while 26 United States Code section 7201 makes it a crime to ‘“willfully attempt[] in any manner to evade or defeat any tax.”
These federal and state statutes are, in substance, identical. The reason is this: The federal courts have interpreted ‘“willfully attempt[] ... to evade or defeat any tax” in 26 United States Code section 7201 or its predecessor as requiring acts showing motive or specific intent to evade tax. (See Spies, supra, 317 U.S. at p. 494, fn. 2; U.S. v. Dack (7th Cir. 1984) 747 F.2d 1172, 1174.) ‘“Thus the willfulness involved in failing to pay the tax when due, resources being available, is not enough. For a felony conviction, there must be ‘proof of willfulness in the sense of a specific intent to evade or defeat the tax or its payment.’ ” (U.S. v. DeTar (9th Cir. 1987) 832 F.2d 1110, 1114.) ‘“To support a conviction for attempted tax evasion, ... the government must prove beyond a reasonable doubt that there was a tax deficiency, an affirmative act constituting an attempt to evade or defeat the tax, and willfulness.” (U.S. v. Bishop (5th Cir. 2001) 264 F.3d 535, 550.)
In Mojica, supra, 139 Cal.App.4th at page 1205, our colleagues in Division Eight of the Second District Court of Appeal explained: ‘“Thus, the federal statute has been interpreted to mean that failing to file a tax return while intending to violate a known legal duty, with the intent to evade taxes imposed by the federal income tax laws, is a felony. Section 19706 makes explicit what the federal courts have read into 26 United States Code section 7201, providing that a felony occurs as to ‘[a]ny person . . . who, . . . willfully fails to file any return . . . with intent to evade any tax imposed by [the state income tax laws].’ ” (Italics added.)
The analysis of Mojica is correct. Because section 19706 is substantially the same as 26 United States Code section 7201, federal decisions interpreting 26 United States Code section 7201 provide ‘“unusually strong persuasive precedent” in our construction of Revenue and Taxation section 19706. (Hagen, supra, 19 Cal.4th at p. 661.) Indeed, if anything, section 19706 more forcefully imposes intent to evade as an element of the offense because section 19706 expressly sets forth that element.
*1184 The majority agrees with Mojica that section 19706 and 26 United States Code section 7201 are substantially identical, “but only when it comes to the issue of a defendant’s intent or mens rea.” (Maj. opn., ante, at p. 1176.) This statement is perplexing. The substantial identity between the two statutes on the issue of the defendant’s intent is precisely why section 19706 must be interpreted in accordance with Spies.
II.
Evidence Necessary to Prove Intent to Evade
The United States Supreme Court, in Spies, supra, 317 U.S. at page 499, interpreted the federal tax evasion statute as requiring proof of “willful commission in addition to the willful omissions.” The court compared federal tax evasion (current 26 U.S.C. § 7201) with the lesser offense of willful failure to file a tax return (current 26 U.S.C. § 7203). (Spies, supra, at p. 498.) The court expressly rejected the argument that willful failure to file a return, coupled with a willful failure to pay a tax, is enough to constitute willful attempt to evade or defeat a tax. (Id. at p. 499.) “Willful but passive neglect of the statutory duty may constitute the lesser offense, but to combine with it a willful and positive attempt to evade tax in any manner or to defeat it by any means lifts the offense to the degree of felony.” (Ibid.) The Supreme Court provided examples of conduct from which willful attempt to evade can be inferred. Such conduct would include keeping double books, making false bookkeeping entries, destruction of records, concealment of assets, and “any [kind of] conduct, the likely effect of which would be to mislead or to conceal.” (Ibid.) “If the tax-evasion motive plays any part in such conduct the offense may be made out even though the conduct may also serve other purposes such as concealment of other crime.” (Ibid.)
“A wide range of conduct can support a finding of willful attempt to evade taxation, for instance: keeping a double set of books, making false entries or alterations, creating false invoices or documents, destroying books or records, concealing assets or covering up sources of income, handling one’s affairs to avoid making the records normally accompanying transactions of a particular kind, any conduct likely to mislead or conceal, holding assets in others’ names, providing false explanations, giving inconsistent statements to government agents, failing to report a substantial amount of income, a consistent pattern of underreporting large amounts of income, or spending large amounts of cash that cannot be reconciled with the amount of reported income.” (U.S. v. Bishop, supra, 264 F.3d at p. 550.) Here, the district attorney concedes no evidence was presented of any Spies acts.
The majority takes the position that section 19706 on its face does not require evidence of affirmative acts of evasion. But neither 26 United States *1185 Code section 7201 nor its predecessor on its face requires evidence of an affirmative act. The United States Supreme Court in Spies interpreted the predecessor to 26 United States Code section 7201 as requiring proof of affirmative acts of commission in addition to omissions. We must interpret section 19706 in the same fashion because it is substantively identical to 26 United States Code section 7201. Doing so does not constitute rewriting the statute but interpreting it in accordance with binding authority.
The concurring opinion finds importance in the fact the federal tax evasion statute criminalizes “attempt” while section 19706 does not include the word “attempt” and criminalizes only the completed act. But Spies confirmed the term “attempt” in the federal statute is not the same as the common law concept of attempt. Rather, as Spies explained: “The attempt made criminal by this statute does not consist of conduct that would culminate in a more serious crime but for some impossibility of completion or interruption or frustration. This is an independent crime, complete in its most serious form when the attempt is complete, and nothing is added to its criminality by success or consummation, as would be the case, say, of attempted murder.” (Spies, supra, 317 U.S. at pp. 498^-99.) Section 19706, which punishes the completed act, is thus substantively the same as the federal statute. Section 19706 does no more than “make[] explicit what the federal courts have read into 26 United States Code section 7201,” and, therefore, “section 19706 is substantially identical to 26 United States Code section 7201.” (Mojica, supra, 139 Cal.App.4th at p. 1205.)
The concurring opinion also finds importance in the fact that section 19706 is a wobbler. Were Hudson being prosecuted for misdemeanor tax evasion, that point might be significant. But Hudson is being prosecuted for felony tax evasion. The issue is whether the prosecution presented sufficient evidence at the preliminary hearing to commit Hudson to answer charges of felony tax evasion. Felony tax evasion requires evidence of affirmative conduct (Spies acts) from which intent to evade can be inferred.
III.
The Absence of Evidence in This Case of Intent to Evade
Here, the only evidence presented at the preliminary hearing was that Hudson did not file tax returns for several years, filed returns only after receiving notice, and did not pay taxes when fifing the returns. No evidence of Spies acts was presented. Why can’t specific intent to evade be inferred from a pattern of failing to file returns? Spies instructs that is not a permissible inference for tax evasion cases. A pattern of not fifing returns might prove that the defendant willfully failed to file a return—the *1186 misdemeanor offense under both United States and California law—but more evidence is needed to prove specific intent to evade and to lift the offense from a misdemeanor to a felony. Without evidence of some willful act of commission, there was no “ ‘rational ground’ ” (People v. Chapple (2006) 138 Cal.App.4th 540, 545 [41 Cal.Rptr.3d 680]) for the magistrate to conclude that Hudson had harbored the requisite intent to evade.
If the prosecution cannot present evidence of Spies acts, defendant does not necessarily go free, but might be guilty of a misdemeanor and/or be subject to a civil penalty. Such result is anticipated by the graduated scheme of penalties for tax evasion under both United States and California law.
IV.
Conclusion
An element of a violation of section 19706 is intent to evade any tax. In contrast, the misdemeanor offense of willful failure to file a tax return or provide required information, etc., does not have an element of intent to evade any tax. Section 19706 is substantively identical to the federal tax evasion statute, 26 United States Code section 7201. Section 19706 therefore must be interpreted in line with 26 United States Code section 7201. In Spies, the United States Supreme Court held that 26 United States Code section 7201 requires evidence of affirmative conduct, such as keeping double books, making false bookkeeping entries, destruction of records, and concealment of assets, to show attempt to evade. (Spies, supra, 317 U.S. at p. 499.)
In this case, the prosecution presented no evidence of affirmative conduct, as required by Spies. While it might be sufficient in other situations to prove the element of intent (the mens rea) with evidence of the actus reus, that is not the law for tax evasion. Tax evasion is different. In Spies, the United States Supreme Court held that evidence of willful commission is necessary for the intent to evade element of the federal tax evasion statute. (Spies, supra, 317 U.S. at p. 499.) The California tax evasion statutes were modeled on the federal tax evasion statutes and, in particular, section 19706 is substantively identical to its federal counterpart. The California Supreme Court has held that federal decisions interpreting federal tax evasion statutes are “unusually strong persuasive precedent” in interpreting state law counterparts. (Hagen, supra, 19 Cal.4th at p. 661.) The majority opinion is inconsistent with Spies, Hagen, and Mojica, and places section 19706 at odds with 26 United States Code section 7201.
We, as the Court of Appeal, must therefore interpret section 19706 as requiring evidence of a willful act of commission—a Spies act—to prove *1187 intent to evade. The prosecution presented no proof of willful acts of commission at the preliminary hearing. I would issue a writ of mandate directing the trial court to grant Hudson’s motion to dismiss the felony charges.
Petitioner’s petition for review by the Supreme Court was denied April 26, 2017, S239917.

 Further references to California code sections are to the Revenue and Taxation Code. In relevant part, section 19706 states: “Any person . . . who, within the time required by or under the provisions of this part, willfully fails to file any return or to supply any information with intent to evade any tax imposed by Part 10 (commencing with Section 17001) or Part 11 (commencing with Section 23001), . . . is punishable by imprisonment .... or by fine .... or by both the fine and imprisonment, at the discretion of the court ...."’